IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| TAD JAMES FRANKLIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:13-cv-00405 |
| | ) | JUDGE TRAUGER |
| INSIGHT GLOBAL, INC., and | ) | MAG. JUDGE GRIFFIN |
| MICROSOFT CORPORATION, | ) | |
| | ) | JURY DEMAND |
| Defendants. | ) | |

**PROPOSED INITIAL CASE MANAGEMENT ORDER**

Come now the parties, through counsel, and file this Proposed Case Management Order. Pursuant to Local Rule 16.01, the following Initial Case Management Plan is adopted.

1. Jurisdiction and Venue

This Court has jurisdiction of plaintiff's claim under 28 U.S.C. §1331. Jurisdiction and venue are not disputed.

2. Theories of the Case

    A.  *Plaintiff's Theory of the Case*

This is an action for damages and equitable relief brought under the Family and Medical Leave Act of 1993, 29 U.S.C. §2601 *et seq.* ("FMLA").

Plaintiff was employed by defendants as an IT Consultant. As a staffing agency, defendant Insight Global was plaintiff's primary employer

and Microsoft was plaintiff's secondary employer. Plaintiff was assigned to work by Microsoft onsite at the location of one of Microsoft's customers, Dell Computers, in Nashville, Davidson County, Tennessee.

Beginning on or about October 3, 2012, plaintiff required inpatient care at Skyline Medical Center for a condition that was a "serious health condition" as defined in the FMLA Regulations, 29 C.F.R. §§113-115. Plaintiff gave proper notice of his need for leave under the FMLA and his leave was approved. Under the FMLA, plaintiff was entitled to take up to 12 weeks of unpaid leave from his job for his serious health condition, and upon the conclusion of his leave, plaintiff was entitled to be restored to the same position he held when his leave commenced or an equivalent or similar position. Plaintiff's leave lasted less than 12 weeks, and was released to return to work on October 29, 2012. Despite his right under the FMLA to be restored to his former job or an equivalent position, defendants failed or refused to reinstate plaintiff. Because of defendant's violation of the FMLA, plaintiff seeks his lost compensation and benefits, liquidated damages, reinstatement or front pay, declaratory and/or injunctive relief, attorney's fees, and costs.

B. *Defendant Insight Global's Theory of the Case*

Insight Global disputes Plaintiff's allegations. Insight Global has asserted a number of affirmative defenses in its answer filed on June 26, 2013.

C. *Defendant Microsoft's Theory of the Case*

Plaintiff was an employee of Defendant Insight Global, LLC. ("Insight Global"). Plaintiff was not employed by Microsoft, but was assigned by Insight Global to provide certain services to Microsoft at a location operated by Dell Computers. Insight Global removed Plaintiff from that assignment for reasons that, to Microsoft's knowledge, were unrelated to any request or need for FMLA leave. At no time after Plaintiff was removed from the Dell Computers assignment was any request made of Microsoft to again place Plaintiff at the Dell Computers location, or in any assignment providing services to Microsoft. Plaintiff did not request any FMLA leave from Microsoft, and in any event was not eligible for any FMLA leave from Microsoft. Microsoft has not violated the FMLA with respect to Plaintiff.

3. Identification of the Issues

The issues of jurisdiction and venue have been resolved. Service of process is not disputed. The issues of liability and damages remain for resolution before the Court and/or jury.

4. Status of Response Pleadings and Service of Process

Plaintiff filed his complaint on April 30, 2013. Proper service was effected. Defendant Microsoft filed its Answer on June 6, 2013 and defendant Insight Global filed its Answer on June 26, 2013.

5. <u>Need for Other Claims or Special Issues under Rules 13-15 and 17-21 and Federal Rule of Civil Procedure 23</u>

The Corporate Disclosure Statement filed by defendant Insight Global, Inc. indicates that its proper corporate name is Insight Global, LLC.

6. <u>Mandatory Initial Disclosures</u>

Pursuant to Fed. R. Civ. P. 26(a)(1), the parties are prepared to exchange their mandatory initial disclosures on or before August 8, 2013.

7. <u>Discovery</u>

Discovery is not stayed during dispositive motions, unless ordered by the Court. Local Rule 33.01(b) is expanded to allow 40 interrogatories, including sub-parts. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference call with Judge Trauger.

All fact discovery shall be completed by January 15, 2014. All discovery related motions shall be filed no later than February 1, 2014. ~~Before filing any discovery-related motion, the parties will schedule and conduct a telephone conference with the Magistrate Judge~~.

Plaintiff shall reveal any expert witnesses he intends to use at trial, including reports required pursuant to Fed. R. Civ. P. 26, on or before December 15, 2013. Defendants shall make their responsive disclosures, if any, on or before January 15, 2014.

4

All expert witness depositions shall be completed by February 14, 2014.

8. Joint Mediation Report

The parties shall file a Joint Mediation Report on or before January 10, 2014.

9. Dispositive Motions

Any dispositive motions shall be filed by March 3, 2014. The non-moving party shall file a response by April 3, 2014. All replies, if any, shall be filed by April 17, 2014. If dispositive motions are filed early, the response and reply dates shall move up accordingly.

Briefs shall not exceed 20 pages. No motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of the overall economy of time and expense for the parties, counsel, and the court.

10. Other Deadlines

Any motions to amend and/or to add additional parties shall be made by September 2, 2013.

11. Target Trial Date

Plaintiff has requested a jury trial. Trial is expected to take 2-3 days, and the parties request a target trial date of August 5, 2014 or soon thereafter, as the Court's schedule permits.

12. <u>Other Issues and Matters</u>

The default provisions of Administrative Order No. 174 shall apply regarding electronic discovery.

All other issues and matters will be taken up as they arise.

The parties' statements of their theories and the issues of the case shall not be deemed a waiver of any defense or claim that further investigation into the facts of this claim may reveal.

It is so **ORDERED:**

Entered _____7/9/13_____, 2013.

_____
Honorable Aleta Trauger
United States District Judge

**APPROVED FOR ENTRY:**

_____
Wade B. Cowan, (S.C. #9403)
150 Second Avenue North, Suite 225
Nashville, TN 37201
(615) 256-8125 phone
(615) 242-7853 fax
wcowan@dhhrplc.com


s/ Kenneth M. Switzer
_____
Kenneth M. Switzer (S.C. #5785)
201 Fourth Avenue N., Suite 1900
Nashville, TN 37219
(615) 256-1125
switzerlaw@aol.com
*Attorneys for Plaintiff*


BASS, BERRY & SIMS, PLC


s/ Robert W. Horton
_____
Robert W. Horton (TN #017417)
L. Lymari Cromwell (TN #27405)
150 Third Avenue South, Suite 2800
Nashville, Tennessee 37201
(615) 742-6200
(615) 742-2806 (facsimile)
rhorton@bassberry.com
lcromwell@bassberry.com

SCHIFF HARDIN LLP

s/ Sarah D. Youngblood
Sarah D. Youngblood (admitted *pro hac*)
One Market, Spear Street Tower
Thirty-Second Floor
San Francisco, CA 94105
(415) 901-8760
(415) 901-8701 (facsimile)
syoungblood@schiffhardin.com
*Attorneys for Insight Global, LLC*


LEAD COUNSEL FOR MICROSOFT

s/ Benjamin A. Stone
Benjamin A. Stone
MUNGER & STONE, LLP
999 Peachtree Street, NE
Suite 2850
Atlanta, Georgia 30309
(404) 815-0933
(404) 815-4687 fax
Ben.Stone@mungerandstone.com


LOCAL COUNSEL FOR MICROSOFT:

s/ Daniel C. Todd
Daniel C. Todd  #13442
GONZALEZ, SAGGIO & HARLAN, LLP
3817 Bedford Avenue, Suite 220
Nashville, TN 37215
(615) 369-3338
(615) 369-3339 fax
Dan_Todd@gshllp.com